IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GEORGE C. WELLS, | Cause No. CV 22-31-GF-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON, | |
| Respondent. | |

On March 16, 2022, state pro se petitioner George C. Wells filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. See, (Doc. 1 at 2.)[1]

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Wells' claim is not cognizable and conclusively lacking in

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed "at the time…[it is] delivered…to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

merit, the petition should be dismissed with prejudice.

## I. Motion to Proceed in Forma Pauperis

Mr. Wells filed a motion for leave to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, it appears Mr. Wells has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Motion to Appoint Counsel

Mr. Wells has also filed a motion requesting this Court appoint counsel to represent him. (Doc. 4.) Mr. Wells has supplied no basis to support his request. *Id*.

Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing Section 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Mr. Wells' case is not so complex that his right to due process will be violated if counsel is not appointed.  Because his claim is not cognizable in federal habeas, it is unlikely he will be able to proceed in this Court.  Mr. Wells does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel.  The motion will be denied.

## III.   28 U.S.C. § 2254 Petition

The Montana Supreme Court has explained the procedural background of Mr. Wells' state cases as follows:

> George C. Wells has filed a petition for habeas corpus relief, again challenging his sentence. Wells requests reinstatement of the fifty-year persistent felony offender (PFO) sentence originally imposed, instead of the singular 100-year PFO sentence he received following this Court's remand of his case for re-sentencing in *Wells v. Kirkegard*, No. OP 15-0466, Order (Mont. Set. 29, 2015). Wells contends that the original fifty-year PFO sentence, which was imposed in addition to his sentences for three individual felonies, is valid.
>
> Once again, we explain that Wells' sentence received on remand is valid and he is not entitled to relief. The District Court resentenced Wells as a PFO because Wells remained eligible for a PFO designation, and the court issued a singular 100-year PFO sentence for all of his felonies in that matter. Wells is not entitled to only a fifty-year PFO sentence. As we stated in Robinson, which Wells misquotes:
>
>> In *Gunderson II*, this Court overruled prior precedent when we determined that the PFO sentence replaces the sentence for the underlying felony. In *Larsen v. State*, 362 Mont. 543, 272 P.3d 124 (2011), we granted habeas relief, concluding that while it was lawful for the district court to sentence Larsen as a PFO, it was not lawful to also sentence him for the underlying felony.
>
> *Robinson v. Kirkegard*, No. OP 12-0660, Order at 2 (Mont. Jan. 9, 2013)

> (emphasis added). A defendant can either receive sentences for individual felonies, or a singular sentence for a PFO designation, but he cannot receive both nor must he receive only the shorter sentence. *See State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*) ("when a persistent felony offender is convicted on multiple felony charges, the district court can sentence the offender to the maximum sentence allowable on *each* charge."). (Emphasis in original.)
>
> As we have held previously, Wells is precluded from habeas relief on this issue. *Wells v. Salmonsen*, No. OP 21-0526, Order denying habeas corpus relief (Mont. Nov. 9, 2021) and *Wells v. Fletcher*, No. OP 17-0224, Order (Mont. May 9, 2017); *see also* § 46-22-101(2), MCA. We caution Wells to refrain from his repeated filings collaterally attacking his sentence.

*Wells v. Salmonsen*, OP 22-0013, 2022 WL 215168, at *1 (Mont. Jan. 25, 2022).

Before this Court, Mr. Wells asserts that the original 50-year PFO sentence he received is valid, and that it was illegally replaced by the aggregate 100-year sentence for all of the underlying felonies. (Doc. 1 at 1-2.) Well contends that his original 50-year PFO sentence should be "left in place" and cites to state law in support of his contention. *Id*. at 2. Wells believes the three separate sentences for the underlying felonies are facially invalid and that the district court lacked subject matter jurisdiction to impose the sentence. *Id*. According to Wells, the original and valid 50-year sentence must be reinstated. *Id*.

Although Mr. Wells attempts to advance a federal constitutional violation, his claims are grounded in state law. As set forth above, Mr. Wells has filed similar repeated challenges with the Montana Supreme Court. The Court advised Mr. Wells that his sentence is valid under the applicable state laws governing PFO

4

sentences.

As a preliminary matter, Mr. Wells is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). To the extent that Mr. Wells asks this Court to review the Montana Supreme Court's interpretation and application of state law, including the PFO statutes, this is neither a proper nor cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v.*

*Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). As explained by the Montana Supreme Court, Mr. Wells was lawfully resentenced, as a persistent felony offender, under state law. Mr. Wells' contention that the facially invalid nature of his sentence deprived the state courts of jurisdiction or authority to impose the present sentence, finds no support in the law or the facts before the Court. Moreover, the claims contained in Mr. Wells' present petition turn on state law, implicating no federal rights. Accordingly, this matter should be dismissed with prejudice.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Mr. Wells has not made a substantial showing that he was deprived of a constitutional right. His state sentencing claim is not cognizable in federal habeas. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

2. The Motion to Appoint Counsel (Doc. 4) is DENIED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED with prejudice.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

DATED this 31st day of March, 2022.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge