IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GEORGE C. WELLS,<br><br>   Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON,<br><br>   RESPONDENT. | CV 22-31-GF-BMM-JTJ<br><br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this case on March 31, 2022. (Doc. 6). Judge Johnston recommended that this matter should be dismissed with prejudice, that the Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent and against the Petitioner, and that a certificate of appealability should be denied.

George C. Wells ("Wells") filed an objection to the Findings and Recommendations. (Doc. 7). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and

-1-

recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). (See Doc. 4). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court has reviewed Judge Johnston's Findings and Recommendations and adopts them in full for the reasons discussed below.

## BACKGROUND

Wells was sentenced on February 18, 1982, in Cascade County for aggravated assault, attempted sexual intercourse without consent, and aggravated burglary. (Doc. 1 at 3-5). The court also sentenced Wells as a persistent felony offender ("PFO") to a term of fifty-years. (Doc. 1 at 5). On remand, the court gave Wells a singular 100-year PFO sentence on April 20, 2016. (Doc. 1 at 7-8).

Wells filed an application as a state pro se petitioner on March 16, 2022, under 28 U.S.C. § 2254, seeking habeas corpus relief. See, (Doc. 1 at 2). Wells filed a motion for leave to proceed in forma pauperis. (Doc. 2). Wells sufficiently showed that he could not afford to pay all costs associated with this action. (Doc. 2). The Court granted Wells's motion to proceed in forma pauperis. (Doc. 6). The Court denied Wells's motion to appoint counsel. (Doc. 6). Wells's petition requests reinstatement of the fifty-year PFO sentence originally imposed, instead of the singular 100-year PFO sentence that he received following the Montana Supreme

Court's remand of his case for re-sentencing in *Wells v. Kirkegard*, No. OP 15-0466, Order (Mont. Sept. 29, 2015). Wells contends that the original fifty-year PFO sentence, which was imposed in addition to his sentences for three individual felonies, proves sufficient.

## ANALYSIS

Judge Johnston began his analysis by finding that Wells has failed to advance a federal constitutional violation as his claims are grounded in state law. This Court agrees with Judge Johnston's findings. As a preliminary matter, Wells is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); see also *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatsoever to sit in direct review of state court decisions").

To the extent that Wells asks this Court to review the Montana Supreme Court's interpretation and application of state law, including the PFO statutes, this Court stands as neither a proper nor cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir.

2002)("[a] state court has the last word on interpretation of state law")(citations omitted); see also *Estelle*, 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995)(violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F.3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). As explained by the Montana Supreme Court, Wells was lawfully resentenced as a persistent felony offender under state law. Wells contends that the facially invalid nature of his sentence deprived the state courts of jurisdiction or authority to impose the present sentence. (Doc. 7). No support for this contention exists in the law or the facts. Moreover, the claims contained in Wells's present petition turn on state law, implicating no federal rights. Accordingly, this matter is dismissed with prejudice.

In determining the validity of the certificate of appealability, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A court of appeals should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner can satisfy the standard if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Wells has failed to make a substantial showing that he has been deprived of a constitutional right. His state sentencing claim is not cognizable in federal habeas. A certificate of appealability is denied.

**IT IS THUS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 6) are **ADOPTED IN FULL**.

1. Wells' Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

3. A certificate of appealability is denied.

DATED this 14th day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court